## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**JULIUS RAY WILLIAMS**                                                    **PETITIONER**
**ADC #119375**

**V.**                              **No. 4:24-cv-00963-LPR-ERE**

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                          **RESPONDENT**

## <u>RECOMMENDED DISPOSITION</u>

The following Recommended Disposition ("RD") has been sent to United States District Judge Lee P. Rudofsky. You may file objections to all or part of this RD. Objections should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not file objections, you risk waiving the right to appeal questions of fact and Judge Rudofsky can adopt this RD without independently reviewing the record.

### I.      Summary

Petitioner Julius Ray Williams, incarcerated at the Varner Unit of the Arkansas Division of Correction ("ADC"), filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. For reasons that follow, I recommend granting Respondent's motion to dismiss and dismissing the petition with prejudice as time barred.

## I.    Background

In March 2022, Mr. Williams was charged with residential burglary in the Circuit Court of Hempstead County, Arkansas. The original criminal information charged him as a violent felon, a status that exposed him to a term of imprisonment of not less than thirty nor more than sixty years in prison. *Williams v. State*, 2024 Ark. App. 578, 1 (2024).

At the start of a change of plea hearing held February 21, 2023, the State orally amended the information to charge Mr. Williams as a "large habitual offender," which changed the applicable sentencing range to not less than five years nor more than forty years in prison. *Doc. 12-1 at 4.* The court then advised Mr. Williams that he had been charged with residential burglary as a large habitual offender and could therefore be sentenced to five to forty years in prison and fined $15,000. *Id. at 4*. Mr. Williams voiced no objection and stated that he understood the amended charge and possible punishment. *Id. at 4-6.*

The Circuit Court accepted Mr. Williams's guilty plea and asked for the State's recommendation as to sentencing. *Id. at 8*. The prosecutor responded:

> Your Honor, twenty years (20) in the Arkansas Department of Correction with five (5) of those years suspended. . . . Also, Your Honor, . . . it's represented to defense counsel that the State believes Mr. Williams would have to do a hundred percent of this sentence day for day. That was communicated and discussed in negotiations. I just want to put that on the record as well. . . .

*Id. at 8-9.* The Court then sentenced Mr. Williams to serve twenty years in the ADC with five years suspended. *Id. at 9*.

On March 8, 2023, the State filed the amended information, which charged Mr. Williams as a large habitual offender, consistent with the oral amendment announced at the change of plea hearing. *Williams v. State*, 2025 Ark. App. 121, 6 (2025). Later that day, the court entered the judgement and sentencing order. *Id.*

On October 6, 2023, Mr. Williams filed a petition to correct an illegal sentence pursuant to Ark. Code Ann. § 16-90-111. *Doc. 12-3*. He alleged that no one advised him before he pleaded guilty that he would not be eligible for parole. *Id. at 2*. He asserted: "That was not the agreement" and that the ADC was executing his sentence in violation of his right to due process. *Id.*

On October 12, 2023, the trial court denied Mr. Williams's motion to correct the alleged illegal sentence, explaining that the imposed sentence fell within the statutory range of possible punishment. *Doc. 12-4*. The court noted that any allegation Mr. Williams's trial attorney failed to advise him about his parole eligibility was "one for . . . Rule 37 of the Arkansas Rules of Criminal Procedure." *Doc. 12-4 at 3*.

Mr. Williams appealed arguing: "(1) the sentence is illegal because his counsel was ineffective for failing to correctly advise him as to parole eligibility; (2) his Due Process rights . . . were violated when he was designated a habitual offender

without a hearing; (3) the [ADC] miscalculated his parole eligibility; and (4) there was insufficient evidence of his guilt." *Williams v. State*, 2025 Ark. App. 121, 1 (2025). On February 26, 2025, the Arkansas Court of Appeals affirmed, concluding: (1) Mr. Williams received a facially legal sentence; (2) his ineffective-assistance claim was untimely under Rule 37.2; and (3) his remaining claims were not cognizable in a petition to correct an illegal sentence. *Id.* at 4-6.

On November 4, 2024,[1] Mr. Williams filed the § 2254 petition now before the Court (*Doc. 1*), and on November 15, he filed a supporting brief. *Doc. 4*.  He asserts: (1) his trial counsel rendered ineffective assistance by failing to investigate or explain to him whether he would be eligible for parole; (2) he was charged as a large habitual offender without a hearing of examination of his prior convictions in violation of his right to due process; (3) the State failed to present sufficient evidence that he committed residential burglary; and (4) the ADC changed his sentence and misapplied state parole statutes in violation of his right to due process. *Docs. 1, 4*.[2]

---

[1] The Clerk of Court received Mr. Williams's petition for filing on November 6, 2024, and entered it on the docket that day. However, giving Mr. Williams the benefit of the "prison mailbox rule," the petition is deemed filed on the date he placed it in the prison mail system: November 4, 2024. See *Doc. 1 at 6* (U.S.P.S time stamp); *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999) (stating that for purposes of § 2244(d)(1), a *pro se* prisoner's habeas petition is filed on the date it is delivered to prison authorities for mailing); see also Rule 3(d) Rules Governing § 2254 Cases in the United States District Courts.

[2] When Mr. Williams filed his § 2254 petition, his appeal challenging the trial court's denial of his motion to correct an illegal sentence was still pending. Consequently, at that point, he had not exhausted his available state remedies, and after reviewing the petition as required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Court, I recommended dismissal without prejudice. *Doc. 7*. Subsequently, the  Arkansas Court of Appeals affirmed the judgment

On July 7, 2025, Respondent filed a motion and supporting brief to dismiss the petition arguing that Mr. Williams's petition is time barred.[3] On July 25, 2025, Mr. Williams filed a reply. *Doc. 14*.

Respondent's motion is ripe for review.

## III.    Discussion

### A.    Mr. Williams Filed His Federal Habeas Petition After the One-Year Limitations Period Expired.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for a state prisoner's federal habeas petition challenging a state conviction. 28 U.S.C. § 2244(d)(1). The one-year limitation period begins to run from the latest of four alternative dates, and the applicable date in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The trial court entered the judgment and sentencing order on March 8, 2023. *Doc. 10-4* Because Mr. Williams entered an unconditional guilty plea and did not file a direct appeal, the judgment became final thirty days  later, on Friday, April 7

---

of the trial court, Judge Rudofsky referred the case back to me (*Doc. 8*), and I directed the Clerk to serve a copy of the petition and supporting brief on Respondent and the Arkansas Attorney General. *Doc. 9*.

[3] Because the petition is clearly time-barred, I do not address Respondent's additional arguments that: (1) Mr. Williams's ultimate goal is parole eligibility, which would not necessarily result in his speedier release; and (2) Mr. Williams's claims are procedurally defaulted.

2023. *Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (holding that for Arkansas defendants who enter unconditional guilty pleas, the judgment is deemed final thirty days from entry of the judgment); see also Ark. R. App. P. Crim. 2(a)(1) (providing that notice of appeal must be filed within thirty days from entry of a judgment or uniform sentencing order). Accordingly, the one-year, AEDPA statute of limitations started running on Monday, April 10, 2023[4] and ended on April 9, 2024. Absent statutory or equitable tolling, Mr. Williams's § 2254 petition, filed on November 4, 2024, is time barred.

**B.    Mr. Williams Is Not Entitled to Statutory Tolling.**

The AEDPA's limitation period is tolled "[t]he time during which a *properly* filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2) (emphasis added). Here, Mr. Williams did not file a petition for postconviction relief under rule 37.  Instead, on October 6, 2023, he filed a petition to correct an illegal sentence pursuant to Ark. Code Ann. § 16-90-111.

---

[4] Rule 12 of the Rules Governing § 2254 Cases in the United States District Courts provides that the Federal Rules of Civil Procedure may be applied in federal habeas proceedings to the extent not inconsistent with federal habeas rules. Rule 6 of the Federal Rules of Civil Procedure applies in computing any time period "in any statute that does not specify a method of computing time[,]" which is the case with the AEDPA. Rule 6 (a)(1)(A), in turn, excludes from a time period the day of the event that triggers the time period), and Rule 6(a)(1)(C) excludes the last day of a period that falls on a  Saturday, Sunday, or legal holiday.

To the extent that Mr. Williams's motion to correct an illegal sentence was a postconviction collateral attack on the judgment and sentence entered March 8, 2023, as the Arkansas Court of Appeals noted, it was subject to the mandatory 90-day filing deadline for Rule 37 petitions. Ark. R. Civ. P. 37.2(c)(1) ("If a conviction was obtained on a plea of guilty . . . a petition . . . must be filed in the appropriate circuit court within ninety (90) days of the date of entry of judgment."). Mr. Williams filed his motion to correct an illegal sentence on October 6, 2023, 212 days after entry of the judgment and sentencing order. Thus, the motion does not qualify as a "properly" filed application for post-conviction review that tolled the AEDPA's one-year limitation period. See *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (holding that to be "properly filed" under § 2244(d)(2), an application for post-conviction review must be filed within applicable time limits).

### C.    Mr. Williams Is Not Entitled to Equitable Tolling.

The one-year limitation period for filing a § 2254 habeas petition may be equitably tolled if a petitioner can demonstrate that: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The Eighth Circuit has made clear that equitable tolling is not warranted based on a petitioner's *pro se* status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law. See *Johnson v. Hobbs*, 678

F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004). "The burden of demonstrating grounds warranting equitable tolling rests with the petitioner." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (citing *Pace v. DiGuglielm*o, 544 U.S. 408, 418 (2005)).

Mr. Williams does not argue that he is entitled to equitable tolling, and he does not explain why he filed this habeas action after the AEDPA's one-year limitation period expired.

## IV.    Conclusion

Mr. Williams filed his federal petition for habeas corpus on November 6, 2024, approximately seven months beyond the AEDPA one-year limitations period that expired on April 9, 2024, and he is not entitled to statutory or equitable tolling to excuse his late filing.[5]

IT IS THEREFORE RECOMMENDED that:

1.    Respondent's motion to dismiss (*Doc. 11*) be GRANTED, and Petitioner Julius Ray Williams's § 2254 Petition for Writ of Habeas Corpus (*Doc. 1*) be DISMISSED with prejudice.

---

[5] Mr. Williams does not assert gateway actual innocence, nor does he allege any facts that would support such a claim. Accordingly, the Court does not address the actual innocence exception to the statute of limitations. *See McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass," to overcome the expiration of the statute of limitations.).

2.    A Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.[6]

Dated 28 August 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[6] A certificate of appealability should be denied because Mr. Williams has not shown that reasonable jurists could debate whether his claims should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *See Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003).