**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JULIUS RAY WILLIAMS**                                                    **PETITIONER**
**ADC #119375**

**v.**                                    **Case No: 4:24-cv-00963-LPR**

**DEXTER PAYNE**                                                          **RESPONDENT**

**ORDER**

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Edie R. Ervin (Doc. 15) and the Petitioner's Objections (Doc. 16). After a *de novo* review of the RD, along with careful consideration of the Objections and the entire case record, the Court hereby approves and adopts the RD in its entirety as this Court's findings and conclusions in all respects. Accordingly, Respondent's Motion to Dismiss (Doc. 11) is GRANTED, and the Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED with prejudice. A certificate of appealability will not issue. The Clerk is instructed to close this case.[1]

---

[1] The RD recommends dismissal of the instant federal habeas petition because it is untimely. The linchpin of that RD is its conclusion that the federal habeas clock was not tolled by Mr. Williams's state-court motion to correct an illegal sentence pursuant to Ark. Code Ann. § 16-90-111. And the RD's reasoning for this conclusion is that Mr. Williams's state-court motion to correct an illegal sentence was untimely (and thus not properly filed) with respect to the claims at issue in the instant federal habeas petition. The Court agrees with the RD's decision concerning the untimeliness (and thus impropriety) of Mr. Williams's state-court motion to correct an illegal sentence with respect to the claims at issue in the instant federal habeas petition. The RD sufficiently explains that, to the extent the relevant issues raised in the motion were really Rule 37 issues, they were subject to the 90-day deadline set out in Arkansas Rule of Criminal Procedure 37.2. *See* Doc. 15 at 7. To this, the Court only adds that Ark. Code Ann. § 16-90-111 itself has a 90-day deadline where the motion is attacking the manner in which the sentence is imposed instead of the facial legality of the sentence. *See* Ark. Code Ann. § 16-90-111(a)–(b) (juxtaposing a motion to "correct an illegal sentence[,]" which may be brought "at any time," with a motion to "correct a sentence imposed in an illegal manner[,]" which must be brought within 90 days). Accordingly, even if we were to put Rule 37.2 aside in part or in full, a 90-day deadline would still have applied to Mr. Williams's state-court motion. As relevant to the instant federal petition, Mr. Williams's state-court motion was in substance a challenge to the manner in which Mr. Williams's sentence was imposed and not a challenge to the facial legality of his sentence. In any event, Arkansas Supreme Court cases recognize that claims that fall under the portion of Ark. Code Ann. § 16-90-111 that deals with sentences imposed in an illegal manner are now subject to the time limits set forth in Arkansas Rule of Criminal Procedure 37.2. *See, e.g.*, *Green v. State*, 2017 Ark. 361, at 2 n.1, 533 S.W.3d 81, 82 n.1.

IT IS SO ORDERED this 12th day of March 2026.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE